John Reilly, Appellant, *v.* Alfred P. Shannon, Edwin H. Shannon and David W. Shannon, trading as J. B. Shannon & Sons.

*Negligence—Evidence—Province of court and jury.*

In an action to recover damages for personal injuries it appeared that the plaintiff was a workman of a contractor, and that he was injured by the negligent starting of an elevator in a building which was being repaired after a fire. It did not appear who made the contract with plaintiff's employer, nor did it appear that the defendants had more than a permissive use of the building, nor did it appear that the elevator was operated by them or their servants. It did appear that the elevator was unfinished and still in charge of the men who put it in, and that it was being operated to carry some of the defendants' goods to the upper floor. It also appeared that at the time of the accident carpenters, painters, plumbers and elevator men were at work in the building, and that none of them was employed by defendants. The defendants did not supervise or direct the performance of any portion of the work. *Held*, that a nonsuit was properly entered.

Argued Jan. 18, 1897.  Appeal, No. 530, Jan. T., 1896, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1894, No. 619, refusing to take off nonsuit.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.  Affirmed.

Trespass for personal injuries.  Before BRÉGY, J.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*J. Washington Logue*, with him *Francis H. Garrett*, for appellant.—The case should have been submitted to the jury : Longenecker v. R. R., 105 Pa. 328; Miller v. Bealor, 100 Pa. 583; McGrann v. R. R., 111 Pa. 171; Jones v. Bland, 116 Pa. 190; Hill v. Trust Co., 108 Pa. 1; Huey v. Gahlenbeck, 121 Pa. 238; McCleary v. Frantz, 160 Pa. 535; Schilling v. Abernethy, 112 Pa. 437; R. R. v. Peters, 116 Pa. 206; Schum v. R. R.,

107 Pa. 8; Arnold v. R. R., 115 Pa. 135; Hydraulic Works
Co. v. Orr, 83 Pa. 332; Pender v. Raggs, 178 Pa. 337: Bur-
rell Twp. v. Uncapher, 117 Pa. 362.

*Richard P. White*, for appellees.

OPINION BY MR. JUSTICE McCOLLUM, April 12, 1897:

The defendants were lessees of the building in which the
plaintiff was injured, and Henry C. Lea was the owner and les-
sor of it.    Sometime previous to the occurrence in question the
building was damaged by fire and at the time of the accident
the work of repairing it was in progress.   It appears that the
work was being done under a contract, and that Wm. McPher-
son, Jr., was the contractor.   The evidence does not show when
the lease was made, who was the other party to the contract for
repairs, or that the defendants were in possession of the build-
ing before the fire.   It is clear however that such use as the
defendants had of the building at the time of the accident was
permissive only.   They were allowed to bring into the building
and, by means of the elevator, carry some of their goods to the
upper floors.   The elevator was not turned over to them.   It
was unfinished and still in charge of the men who put it in.
These men were not employees of the defendants or subject to
their orders.   The plaintiff was an employee of McPherson
whose foreman directed him to do the work in which he was
engaged when he received his injury.   The defendants had no
supervision of this work or control of the person performing it.
They had no connection with the alleged cause of the accident.
It was not shown that they or any one in their service started
the elevator while the plaintiff was in the shaft.   McPherson's
foreman testified that when he went to work in the building
" it wasn't occupied at all," but that defendants had some stock
in it at the time of the accident.   The evidence submitted by
the plaintiff clearly shows that the repairs and improvements
contracted for and necessary to fit the building for the posses-
sion and use of the defendants in carrying on their business
were not completed on the 28th of August.   The carpenters,
painters, plumbers and elevator men were then at work there.
All the work then in progress was being done under contract.
The defendants did not supervise or direct the performance of

any portion of it. The injury the plaintiff received may have resulted from his want of ordinary care in the performance of the work he was directed to do, from the negligent act of a fellow workman, or from some omission of duty on the part of his employer, but his evidence is insufficient to charge the defendants with any negligence in connection with the accident.

Judgment affirmed.